UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ASHAPURA SHIPPING UAE FZE,

Plaintiff,

- against -

JS OCEAN LINERS PTE LTD. a/k/a JS OCEAN LINERS PTE LTD., SINGAPORE, a/k/a J S OCEAN LINER PTE LTD., KODENET SHIPPING PTE. LTD., and JS OCEAN LINERS LLC a/k/a JS OCEAN LINERS (L.L.C.),

Defendants.

---------------------------------------------------------------X

08 Civ. 5073 (LTS)

ECF CASE

**AMENDED VERIFIED COMPLAINT**

Plaintiff, ASHAPURA SHIPPING UAE FZE (hereinafter "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, JS OCEAN LINERS PTE LTD. a/k/a JS OCEAN LINERS PTE LTD., SINGAPORE a/k/a J S OCEAN LINER PTE LTD.("JS Ocean"), KODENET SHIPPING PTE. LTD. ("Kodenet"); and JS OCEAN LINERS LLC a/k/a JS OCEAN LINERS (L.L.C.) ("JS LLC") (hereinafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

3. Upon information and belief, Defendant JS Ocean was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Singapore.

4. Upon information and belief, Defendants Kodenet and JS LLC were, and still are, foreign corporations, or other business entities organized and existing under foreign law.

5. At all times material to this action, Plaintiff was the disponent owner of the vessel "AL MANSOOR 1" (hereinafter the "Vessel").

6. By a fixture recap dated October 27, 2006, (hereinafter the "Fixture Recap") Plaintiff time chartered the Vessel to Defendant JS Ocean for approximately six months, plus or minus fifteen days at Defendant JS Ocean's option. *A copy of the Fixture Recap is attached hereto as Exhibit 1.*

7. Clause 31 of the Fixture Recap provided that the terms of the Fixture Recap were to be as per Plaintiff's pro forma charter party terms, with appropriate amendments. *See Exhibit 1.*

8. The Fixture Recap called for Defendant JS Ocean to pay hire to Plaintiff at the rate of $5,250.00 per day, payable every fifteen days in advance into the Plaintiff's nominated bank account. *See Exhibit 1.*

9. On November 19, 2007, the parties executed an addendum (hereinafter the "Addendum") which set forth terms and conditions by which the parties extended the Fixture Recap for an additional three months, plus or minus fifteen days at JS Ocean's option. *A copy of the Addendum is attached hereto as Exhibit 2.*

10. Disputes later arose between the parties regarding JS Ocean's failure to pay the total amount of hire due and owing to Plaintiff as required under the Fixture Recap and the Addendum.

11. Pursuant to the Plaintiff's final hire statement, JS Ocean owes to Plaintiff the sum of $88,061.84. *A copy of Plaintiff's final hire statement is attached hereto as Exhibit 3.*

12. JS Ocean has failed to pay the outstanding hire balance due and owing to the Plaintiff in the amount of $88,061.84.

13. Additionally, Plaintiff incurred expenses on behalf of the JS Ocean with respect to the Vessel. The Vessel was delivered to JS Ocean after dry docking repairs with the exception of one voyage performed in between. The Vessel holds were blasted and painted in while in dry dock repair. After the time of redelivery from JS Ocean, the condition of the holds were not the same as on delivery. The holds had rusted due JS Ocean's frequent shipments and carriage of bulk Rock Phosphate and bulk Copper Slag and because JS Ocean had been discharging bulk Rock Phosphate during rainy weather resulting in the cargo rock phosphate sucking to the top of the coating and frames. As a result, Plaintiff incurred expenses relating to hold cleaning and chipping removal cargo costs.

14. Plaintiff incurred additional expenses relating to tarpaulin and ramnek tape purchased for the Vessel at JS Ocean's request and in order to avoid voyage delays.

15. Plaintiff's expenses incurred on behalf of JS Ocean are as follows:

a. Hold cleaning/chipping removal cargo costs: $ 10,618.00
*(424,720.00 Indian Rupees)*
*See invoices from S.S. Muthu Enterprises and Steffi Enterprises; attached hereto as Exhibits 4 and 5.*

b. Grit blasting/painting of holds: $ 54,760.00
*See invoice of Western India Shipyard Limited attached hereto as Exhibit 6.*

c. Tarpaulin: $ 3,158.75
*(126,550.00 Indian Rupees)*
*See invoice of Govindji Padamshi & Co. attached hereto as Exhibit 7.*

d. Ramnek Tape: $ 1,650.00
*(66,000.00 Indian Rupees)*
*See invoice of Kepee Marine attached hereto as Exhibit 8.*

Total Expenses Incurred by Plaintiff: $ **70,186.75**

16. Pursuant to the Fixture Recap, all disputes between the parties are to be submitted to arbitration in London with English Law to apply.

17. Arbitration proceedings have commenced in London and Plaintiff has appointed an arbitrator.

18. This action is brought in order to obtain jurisdiction over the JS Ocean and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

19. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.

20. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| a. | Principal Claim:<br>*Unpaid Hire and Costs Incurred on Behalf of JS Ocean* | $ 158,248.59 |
| b. | Interest on principal claim for 2 years, compounded quarterly at 7.5% | $ 25,354.86 |
| c. | Estimated arbitration costs: | $ 25,000.00 |
| d. | Estimated recoverable legal fees and costs: | $ 52,250.00 |
| **Total:** | | **$ 260,853.45** |

21. Defendants Kodenet and/or JS LLC are the alter-egos of Defendant JS Ocean because Kodenet and/or JS LLC dominate and disregard JS Ocean's corporate form to the extent that Kodenet and/or JS LLC are actually carrying on the business and operations of JS Ocean as if the same were their own, or vice versa.

22.    Upon information and belief, JS Ocean is a shell-corporation through which Defendants Kodenet and/or JS LLC conduct their business, or vice versa.

23.    Upon information and belief, Defendants Kodenet and JS LLC have no separate, independent identities from Defendant JS Ocean.

24.    Upon information and belief, Kodenet and/or JS LLC use JS Ocean as a "pass through" entity and/or "shell chartering company" such that they can insulate themselves from creditors relating to their commercial obligations and in particular their vessel charters, or vice-versa.

25.    In the alternative, JS Ocean uses Kodenet and/or JS LLC as "paying/receiving agents" or "pass through entities" such that it can insulate itself from creditors relating to its commercial obligations and in particular its vessel charters.

26.    It is not general practice in the maritime community, nor any where else, for independent companies to make or receive large payments on behalf of other independent companies.

27.    Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

28.    Upon information and belief, Kodenet and JS LLC make payments to JS Ocean's creditors where Kodnet and JC LLC have absolutely no contractual obligation to do so.

29.    Upon information and belief, Kodenet made hire payments to Plaintiff under the subject charter party where Kodenet had absolutely no contractual obligation to do so.   As set forth above, the outstanding hire was due from JS Ocean under the charter party.

30.    Upon information and belief, JS LLC also made hire payments to Plaintiff under the subject charter party where JS LLC had absolutely no contractual obligation to do so.   As set forth above, the outstanding hire was due from JS Ocean under the charter party.

31. Based on the foregoing, as well as other activities, JS Ocean, Kodenet and JS LLC should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the other, and all assets of Kodenet and JS LLC susceptible to attachment and/or restraint for the debts of JS Ocean.

32. By virtue of the foregoing, Kodenet and JS LLC are properly considered a party to the subject contract as the trade names, aliases, alter egos, paying agents, and/or prime movers and controllers of Defendant JS Ocean.

33. In the further alternative, Defendants are partners and/or joint venturers.

34. In the further alternative, Defendants are affiliated companies such that Kodenet and/or JS LLC are now, or will soon be, holding assets belonging to JS Ocean, or vice versa.

35. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant(s) have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

36. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant(s) held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Amended Verified Complaint

B. That pursuant to 9 U.S.C. §§ 201. *et seq.* and/or the doctrine of comity this Court recognize and confirm any foreign judgment or arbitration award rendered on the claims had herein as a Judgment of this Court;

C. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property of the Defendants within the District, including but not limited to any funds held by any garnishee, which are due and owing to the Defendants, up to the amount **$260,853.45** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Complaint;

D. That this Court enter Judgment against Defendants on the claims set forth herein;

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorney's fees and costs of this action; and

G. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: June 30, 2008
New York, NY

The Plaintiff,
ASHAPURA SHIPPING UAE FZE

By: ____________________

Patrick F. Lennon
Nancy R. Peterson
Anne C. LeVasseur
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lenmur.com
nrp@lenmur.com
acl@lenmur.com

ATTORNEY'S VERIFICATION

State of New York )
) ss.: City of New York.
County of New York )

1. My name is Anne C. LeVasseur.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: June 30, 2008
New York, NY

Anne C. LeVasseur

EXHIBIT 1

**From:** Sea Freight [cfrt@bom5.vsnl.net.in]
**Sent:** Friday, October 27, 2006 3:42 AM
**To:** "Subodh Salgaonkar"
**Subject:** MV AL MANSOOR I - A/C JSOL subs lifted and vsl fully fixed

to ashapura
k/a subodh
**Subject: RE: MV AL MANSOOR I - A/C JSOL**
charterers confirm subjects are lifted and vsl is fully fixed,
and c/p to be logically amended as per main terms agreed

Thanks & best regards
Seafreight

RE : MV. AL MANSOOR I - A/C JSOL - RECAP OF MAINTERMS===

CHARTS CONFIRM RECAP IN ORDER. CHARTS TKS OWNERS FOR ALL COOPERATION
PLS FIND BELOW RECAP OF MAIN TERMS ASF,

M/V AL MANSOOR I
BLT 1978 / GENERAL CARGO TWEENDECKER
ST. VINCENT FLAG
CLASS RUSSIAN MARITIME
LOA / LBP :- 124 / 115.09 MTRS.
BREADTH 19.0 MTRS / DEPTH :- 10.2 MTRS.
DWT / DRAFT : 9366 MT DWT ON 7.74 M SSW
GRT / NRT :- 6387 / 3395
CRANES 3 X 12 MTON SWL
DERRICK 1 X 25 MTON
HATCH COVERS MAGREGOR SINGLE PULL : FOLDING TYPE TWEENDECK
SPEED ABT 10 KNT ON ABT 13 MT F.O. + ABT 2.5 MT MGO AT SEA & IN PORT.
VSL CONSUMES MGO WHILE MANOUVERING
HO/HA :- 3 / 3
GRAIN / BALE :- 418369 / 425730 CFT
OTHER DETAILS:
HATCH DIMENSIONS (L X B):
NO.1 12.5 X 7.62
NO.2 20.0 X 12.5
NO.3 20.0 X 12.5

MAX UNIFORM LOAD TKS TOP - 9.3 MT/M2 / UPPER DECK - 2.75 MT/M2 /
HATCH COVER TWEENDECK (HATCH WAY) -2.3 MT/M2
GR/BL CAPA OF EACH HOLD :- 418369 / 425730 CFT

| HOLD CAPACITY | GRN | BL |
|---|---|---|
| NO.1 HOLD | 42766 | 37610 |
| NO.2 HOLD | 86944 | 76632 |
| NO.3 HOLD | 82212 | 72253 |
| NO.1 TWD | 51205 | 50464 |
| NO.2 TWD | 77197 | 92453 |
| NO.3 TWD | 78045 | 96338 |

VENTILATION : MECHANICAL
THE SPEED OF THE VESSEL IS ALWAYS TO BE CONSIDERED AS AVERAGE SPEED IN FULLY LADEN CONDITION AND GOOD WEATHER, NO ADVERSE CURRENT, NEGATIVE INFLUENCE OF SWELL, MODERATE SEA, WIND NOT EXCEEDING BEAUFORT FORCE 3(THREE) AND/OR DOUGLAS SEA STATE 3 (THREE) THE PROPER

WORK OF CRANES IS GIVEN IN ATMOSPHERIC TEMP UPTO +35 DEGREES CELCIUS.

IN CASE GRABS USED FOR LOADING AND DISCHARGING OPERATIONS, THE CRANES & DERRICK WORKING SWL TO BE 80% OF THE DECLARED SWL (FROM 12 MT TO 9 MT & FOR DERRICK 25 MT TO 20 MT)
ADA WOG
FOR

1) A/C JS OCEAN LINERS PTE LTD SINGAPORE

2) OWNERS: ASHAPURA SHIPPING UAE FZE

3) DELIVERY: MID POINT BETWEEN DAMMAM AND KANDLA ATDNSHINC OR SHINC

4) REDELY: DLOSP 1 SP INDIA / AG (EXCLUDING IRAQ) / ONLY AQABA IN R.SEA ATDNSHINC

5) LAYCAN: 30TH OCT - 3RD NOV 2006

6) T/C FOR ABT 6 MOS PLUS +/- 15 DYS IN CHTRS OPTION.

7) TRADING: THE VESSEL SHALL BE EMPLOYED IN SUCH LAWFUL TRADES BETWEEN SAFE PORTS AND SAFE PLACES WITHIN VIA SAFE BERTH (S), SAFE PORT(S), SAFE ANCHORAGE(S) ALWAYS AFLOAT ALWAYS ACCESSIBLE ALWAYS WITHIN INSTITUTE WARRANTY LIMITS, EXCLUDING WAR/WAR LIKE ZONES/COUNTRIES.

8) CHARTER HIRE USD 5250/- PD DIOT, PAYABLE EVERY 15 DAYS IN ADVANCE TO OWNERS A/C IN USD AND LAST HIRE BASIS REDELIVERY NOTICE. HIRE INVOICE WILL BE PROVIDED BY FAX IN OWNERS' LETTERHEAD OR BY DIRECT TELEX TO CHARTERERS' OFFICE, ORIGINAL INVOICE TO BE FOLLOWED BY POST / COURIER FOR THEIR RECORDS.

9) BUNKER CLAUSE: FIRST HIRE AND BOD VALUE TO BE PAID W/I 3 BANKING DAYS AFT VSL'S DELY AND RECEIVING INVOICE BY FAX OR TLX. BOD AND BOR TO BE SAME QTY AND ANY MINOR DIFFERENCE TO BE SETTLED AS PER AGREED BUNKER PRICES.

PRIOR TO DELIVERY CHTRS TO SUPPLY BUNKERS AT KHOR FAKKAN ENROUTE TO KANDLA (LOAD PORT) AT THEIR TIME AND COST.

BOD QTY ON DELY : ABT 60MT IFO (180CST-RME25) AND ABT 18MT MGO-DMA

BUNKER PRICES: AS PER FUJAIRAH PRICES AT THE DAY OF DELIVERY

BUNKER ON DELY / REDELY QTY TO BE DETERMINED BY INDEPENDENT SURVEY, IF REQUIRED; MASTER/CREW MEMBER OF THE VSL CAN REPRESENT OWNERS INTEREST. ON HIRE SURVEY TIME & EXPENSES / OFF HIRE SURVEY TIME & EXPENSES TO BE EQUALLY SHARED BETWEEN OWNERS / CHARTERERS.

10) VSLS HOLDS ON DELIVERY TO BE CLEAN AND SWEPT SO AS TO RECEIVE CHARTERERS INTENDED CARGO IN ALL RESPECT, FREE OF SALT, RUST SCALE AND PREVIOUS CARGO RESIDUE TO THE SATISFACTION OF AN INDEPENDENT SURVEYORS APPOINTED BY CHTRS. IF VESSEL FAILS TO PASS ANY HOLD INSPECTION/TEST AS ABV, THE VESEL WILL BE PLACED OFF-HIRE, PRORATA FOR NUMBER OF HOLDS FAILED UNTIL THE VSL PASSED HER HOLD INSPECTION.

11) ILOHC : USD 2000 ; INTERMEDIATE HOLD CLEANING : USD 1000

12) VICTUALING / CABLE / TELEX / ENTERTAINMENT ETC. USD 1000 /- PMPR.

13) OWNERS/ MASTER TO AUTHORIZE CHARTERERS / AGENTS TO SIGN / RELEASE BS/L IN STRICT CONFORMITY WITH MATE RECEIPT.

CHTRS TO ISSUE LINER BS/L FOR LINER TRADE OR ONLY CONGEN BS/L TO BE USED.

14) IN CASE ORIGINAL BILLS OF LADING NOT AVAILABLE AT DISPORT, OWNERS / MASTER WILL DISCHARGE ENTIRE CARGO AGAINST CHARTERERS' 'LOI' IN OWNERS P & I WORDINGS SIGNED ONLY BY CHTRS.

ALL BILLS OF LADING TO BE ISSUED / RELEASED FOR AND ON BEHALF OF MASTER / OWNERS

MASTER SHALL SIGN THE BILLS OF LADING ON BEHALF OF CHARTERERS FOR CARGO AS PRESENTED IN CONFORMITY WITH MATES RECEIPTS, OR MASTER TO AUTHORISE CHARTERERS AGENTS TO SIGN BILLS OF LADING ON BEHALF OF OWNERS/MASTER ALWAYS STRICTLY IN CONFORMITY WITH MATES RECEIPTS.

OWNERS CONFIRM CHTRS CAN ISSUE LINER B/L'S BUT LINER COST TO BE ON CHTRS ACCOUNT AND CHTRS TO GIVE LOI FOR ISSUAANCE.

NO THROUGH BILLS OF LADING TO BE ISSUED.

ALL BILLS OF LADING FOR DECK CARGO TO BE CLAUSED IN RESPECT OF SUCH CARGO "SHIPPED ON DECK AT SHIPPERS' RISK AND EXPENSE".

SHOULD ORIGINAL BILLS OF LADING NOT BE AVAILABLE AT THE TIME OF VESSEL'S ARRIVAL AT DISCHARGING PORT, OWNERS TO ALLOW DISCHARGING WITHOUT PRESENTATION OF SUCH ORIGINAL BILLS OF LADING AGAINST LETTER OF INDEMNITY AS PER OWNERS' P. AND I. CLUB STANDARD FORM TO BE SIGNED BY CHARTERERS ONLY.

15) IF 2ND SET / SPLIT BS/L MARKED 'FREIGHT PREPAID' REQUESTED BY THE CHARTERERS, OWNERS / AGENT TO ISSUE THE SAME AGAINST SURRENDER OF FIRST SET OF BS/L OR CHARTERERS 'LOI' IN OWNERS P AND I WORDINGS SIGNED ONLY BY CHTRS. CHTRS TO PAY USD 100.00 FOR PER SET OF B/L.

16) OWNERS GTEE THAT VESSEL IS FULLY P AND I COVERED AND CLASSED EQUIVALENT TO 'LLOYDS 100A1' STANDARD, SHALL MAINTAINED UNTIL COMPLETION OF DISCHARGE OF THE FULL CARGO QUANTITY.

17) OWNERS CONFIRM THAT VESSEL SHALL NOT BE SOLD /SCRAPPED / REDELIVERED IMMEDIATELY AFTER THIS VOYAGE.

18) MASTER OF VESSEL WILL FOLLOW CHARTERERS' INSTRUCTIONS FOR SMOOTH PERFORMANCE OF THE VOYAGE.

19) OWNERS SHALL PROVIDE COPY OF CERTIFICATES AND INFORMATION AS AND WHEN REQUIRED.

20) VESSEL GEARS SUITABLE FOR DISCHARGE FROM ALL THE HOLDS OF THE VESSEL.

21)ALL TAXES AND DUES AND CHARGES ON THE VESSEL AND /OR CARGO AND/OR FREIGHT, SUB - FREIGHT ARISING OUT OF CARGO (ES) CARRIED OR PORTS (S) VISITED UNDER THIS CHARTER PARTY ORDERS HEREIN DUTIES/ LEVIES TO BE FOR THE CHARTERERS ACCOUNT WHETHER ASSESSED DURING OR AFTER THE CURRENCY OF THIS CHARTER PARTY INCLUDING ANY TAXES AND/OR DUES ON CARGO AND / OR FREIGHTS AND/OR SUB FREIGHT AND / OR HIRE ( EXCLUDING TAXES LEVIED BY THE COUNTRY OF THE FLAG OF THE VESSEL OR THE OWNERS)

22) IN CASE OF NON-PAYMENT OF CHARTER HIRE DUE TO OVERSIGHT, NEGLIGENCE ERROR OR OMISSION ON THE PART OF THE CHARTERERS OR THEIR BANKERS, THE CHARTERERS SHALL BE GIVEN BY THE OWNERS TWO(2) DAYS (AS RECOGNIZED AT THE AGREED PLACE OF PAYMENT) NOTICE TO RECTIFY THE FAILURE AND WHEN SO RECTIFIED WITHIN TWO(2) DAYS FOLLOWING THE OWNERS' NOTICE, THE PAYMENT SHALL STAND AS REGULAR AND PUNCTUAL PAYMENT.

INSPITE OF GRACE PERIOD PROVIDED BY OWNERS TO CHTRS AND INCASE CHTRS FAILS TO REMIT THE CHARTER HIRE, OWNERS TO HAVE LIEN ON CARGO IRRESPECTIVE OF CHARTERERS / SHIPPERS / RECEIVERS OR THIRD PARTIES MENTIONED IN THE BSL AND IRRESPECTIVE OF THEIR RIGHTS OR LIABILITIES FOR SAME. TIME CHARTERERS TO BE DIRECTLY RESPONSIBLE TO THE OWNERS FOR PAYMENT OF THE PENDING HIRES AND DIRECTLY RESPONSIBLE TO RECEIVERS / SHIPPERS / THIRD PARTIES FOR THE CARGO.

23) ANY ADDITIONAL WAR RISK INSURANCE PREMIUM BY REASON OF VESSEL TRADING WAR RISK AREA TO BE FOR CHARTERERS' ACCOUNT AND ANY BLOCKING AND TRAPPING/CREW WAR BONUS TO BE FOR CHARTERERS'

ACCOUNT. USD 20.00 PER PERSON TO MASTER & CHIEF ENGINEER & USD 15.00 PER PEERSON FOR CREW

24) OWNRS/MASTER WILL NOT BE RESPONSIBLE FOR CLAIMS OR CONSEQUENCES ARISING OUT OF SHORTAGE OF THE CARGO, IF ANY, BASIS DRAFT SURVEY FOR BULK CARGOES OR TALLY OR SHORTAGES CAUSED BY DAMAGE CARGO DUE TO NEGLIGENCE OF STEVEDORES. ON COMPLETION OF LOADING, ALL HATCH ACCESS WILL BE SEALED IN PRESENCE OF JOINT SURVEYORS AND SAME TO BE INSPECTED JOINTLY ON ARRIVAL DISPORT. THEREAFTER, OWNRS NOT RESPONSIBLE FOR ANY SHORTAGE CLAIMS. OWNRS ALSO NOT RESPONSIBLE FR SHORTAGE DUE TO INHERENT PROPERTY OF CARGO OR IF LOSS OF MOISTURE ETC.

IF ANY CARGO CLAIMS DUE TO PURELY DEFFICIENCY OF THE VSL TO BE ON OWNERS ACCOUNT, BUT ALL OTHER CARGO CLAIMS TO BE ON CHATRS ACCOUNT.

IN CASE VESSEL DETAINED DUE TO CARGO RELATED DISPUTES FOR WHICH MASTER INSERTED HIS REMARKS ON MATES RECEIPTS, CHARTERERS TO GUARANTEE VESSEL WILL BE ALLOWED TO SAIL WITHOUT DELAY ON COMPLETION OF DISCHARGE AFTER CHARTERERS ENSURE LOI OR CO-LATERALS BASED ON THE CUSTOM OF THE DISPORT.

CARGO CLAIMS TO BE ADJUSTED AND SETTLED IN ACCORDANCE WITH NEW YORK PRDUCE EXCHANGE INTERCLUB AGREEMENT AND AMENDMENTS THERETO.

CHTRS P&I CLUB - THE AMERICAN CLUB

25) CARGO EXCLUSIONS:
PETCOKE, LIVESTOCK, PETROLEUM OR ITS PRODUCTS, SALT, SULPHUR, TAR, ASPHALT, PITCH, LOGS, RAIWAY WAGONS, NUCLEAR MATERIALS, RAIDOACTIVE PRODUCTS, CALCIUM CARBIDE, CALCIUM HYDROCHRORIDE, BULK CEMENT, SCRAP OF ANY KIND, MOTOR BLOCKS, TURNINGS AND SHAVINGS, AMMONIUM NITRATES, ARMS AND AMMUNITION, TNT, BLASTING CAPS, BLACK POWDER, BOMS (LOADED OR NOT), NAPTHA, FERROSILICON, FISHMEAL, COPRA, HIDES, SUNFLOWER SEED EXPELLERS & EXPELLERS OF ANY OTHER KIND, SPONGE IRON, DIRECT REDUCED IRON PRE-REDUCED IRON ORE PELLETS, HOT BRIQUETTED IRON, RAW ASBESTOS, MEAT, BONEMEAL, COCENTRATES, GLASS, TOBACCO EXTRACTS, COTTON, DANGEROUS, INJURIOUS, HARMFULL AND HAZARDOUS CARGOES, IMO 3/4/5 CARGOES

26) TRADING EXCLUSIONS:
BERBERA, ERITERA, ISRAEL, LEBANON, SOMALIA, ALSO EXCLUDING USA, CANADA, AUSTRALIA, BALTIC, CONT, ATLANTIC, FRANCE, SPAIN, MORRCCO, ALGERIA, TUNISIA, W.AFRICA, COMOROS ISLANDS, PAKISTAN, N.KOREA, JAPAN, NZL AND/OR OTHER WAR / WARLIKE ZONES AS DESCRIBED BY OWNERS H&M UNDERWRITERS AND P&I CLUB DURING THE PERIOD IN CASE TRADING AREAS ARE CERTIFIED AS SPECIAL OR EXCLUDED AREAS BY OWNERS P&I CLUB, CHTRS TO PAY FOR ADDITIONAL WAR RISK PREMIUMS INCLUDING CREW BONUS AS DETERMINED BY THE CLUB AND FOR WATCHMEN AT THE PORTS OF CALL.

CHARTERERS TO ENTER IN A SEPARATE P&I CLUB FOR CHARTERERS LIABILITY COVER, CHARTERERS TO CONFIRM THAT THEY WILL NOT BREAK IWL.
"WARRANTED NO BERING SEA, NO EAST ASIAN WATERS NORTH OF 46 DEGREE N LAT AND NOT TO ENTER OR SAIL FROM ANY PORT OR PLACE IN SIBERIA EXCEPT NAKHODKA AND/OR VLADIVOSTOCK AND / OR VOSTOCHNY" ANY FUMIGATION / VACCINATION FOR /AFTER CALLING THESE CIS PACIFIC PORT/AREA TO BE ON CHARTERERS ACCT. ALSO CHARTERERS TO ADHERE OWNERS P&I CLUBS INSTRUCTIONS/RULES, IF ANY, FOR CALLING THESE AREAS.

27) ARBITRATION AND GENERAL AVERAGE TO BE IN LONDON AND ENGLISH LAW TO APPLY. FOR TOTAL CLAIMS NOT EXCEEDING USD 50,000. THE SAMLL CLAIM PROCEDURES OF LMAA TO APPLY.

28) QTY AND WEIGHT ON B/L DETERMINED AS PER DRAFT SURVEY FOR BULK CARGOES. OWNERS NOT RESPONSIBLE FOR ANY SHORTAGES AT DISPORT.

29) CHARTERERS HAVE OPTION TO USE ONLY RUBBER TYRE BULLDOZERS IN VESSELS HOLDS, PROVIDED NOT EXCEEDING THE TANK TOP STRENGTH

30) ADCOM 2.5% PLUS 1.25% TO SEA FREIGHT

31) REST ALL AS PER OWNERS PROFORMA CP TERMS WITH LOGICAL AMENDMENTS.

32) SUBJECTS OWNERS BOD APPROVAL TO BE LIFTED WITHIN 8 WORKING HRS AFTER FIXING MAIN TERMS.

33) CHTRS SUBJECTS TO BE LIFTED W/I 24 HRS INCLUDING HOLIDAY AFTER FIXING MAIN TERMS.
END OFFER
==========
BEST REGARDS,
SEAFREIGHT

EXHIBIT 2

15/11/2007 17:24 +91-22-25702949 [illegible] SHIPPING PAGE 03
'07 14:19 14:39
19-NOV-2007 19:39 P.2

ADDENDUM NO. 3
ADDENDUM TO CHARTER PARTY DATED 29TH NOVEMBER 2006 FOR M.V ASHA ASHIK & CHARTER PARTY DATED 28TH OCTOBER 2006 FOR M.V AL MANSOOR-I

IT IS MUTUALLY AGREED ON THIS 19TH DAY OF NOVEMBER 2007 BETWEEN [illegible] M/S. ASHAPURA SHIPPING UAE FZE, SHARJAH AND "M/S J.S OCEAN LINERS PTE LTD., SINGAPORE" AS CHARTERERS THE FOLLOWING FURTHER TERMS –

OWNERS WILL PROVIDE M.V AL MANSOOR-I TO CHARTERERS M/S J.S OCEAN LINERS PTE LTD AND CHARTERERS TO CONTINUE THE TIME CHARTER FOR FURTHER 3 MONTHS +/- 15 DAYS IN CHATERER'S OPTION ON THE FOLLOWING TERMS & CONDITIONS.

1. CHARTERERS WILL REDELIVER M.V ASHA ASHIK AFTER COMPLETION OF PRESENT VOYAGE ON DLOSP MUMBAI

1. CHARTER PARTY DATED 29TH NOVEMBER 2006 FOR M.V ASHA ASHIK WILL BE CONSIDERED AS FULFILLED AND NEITHER PARTY SHALL HAVE ANY CLAIMS OF WHATSOEVER NATURE AGAINST THE OTHER PARTY UNDER CHARTER PARTY. FURTHER CHARTERERS CLAIMS VIDE LETTER DATED 01ST NOVEMBER 2007 STANDS WITHDRAWN & NULL AND VOID.

2. ALL PENDING ACCOUNTS UNTIL REDELIVERY OF VESSEL ON DLOSP MUMBAI [illegible] SETTLED BETWEEN OWNERS AND CHARTERERS WITHIN 10 DAYS.

3. PERIOD : 3 MONTHS +/- 15 DAYS IN CHOPT IN DIRECT CONTINUATION

4. NEW HIRE RATE USD 8000.00 PD FROM 1900 HRS GMT ON 13.11.2007

5. OWNERS HAD SUPPLIED VESSEL M.V AL MANSOOR-I WITH IFO/[illegible] MT AND MGO/[illegible] MT AT JEDDAH LAST CALL ON OWNER'S ACCOUNT, SAME TO REMAIN OWNERS QUANTITY AND TO BE ADDED IN REDELIVERY QUANTITIES. REDELIVERY QUANTITY WILL BE IFO/[illegible].56 MT AND MGO/39.62 MT AND CHARTERERS TO REDELIVER BACK THE VESSEL WITH THIS QUANTITIES.

6. DURING LAST VOYAGE INCASE CHARTERERS EXCEED GRACE PERIOD +/- 15 DAYS IN CHOPT, THEN CHARTERERS TO PAY ADDITIONAL HIRE OF USD 2000.00 PD FOR ADDITIONAL DAYS TAKEN BEYOND GRACE PERIOD.

7. OWNERS HAVE OPTION TO SELL THE VESSEL WITH CONDITION THAT THE NEW OWNERS WILL HONOUR THE CHARTER PARTY FOR M.V AL MANSOOR-I

8. AS A SPECIAL CASE, CHARTERERS ARE ALLOWED TO PERFORM ONLY ONE (1) VOYAGE OF SULPHUR DURING ENTIRE TIME CHARTER PERIOD INCLUDING GRACE PERIOD OF +/- 15 DAYS. ALL NECESSARY TIME REQUIRED FOR LIME WASHING OF HOLDS TO BE FOR CHARTERER'S TIME AND ACCOUNT.

9. REST ALL TERMS FOR M.V AL MANSOOR-I WILL REMAIN SAME AND ABOVE TO BE INTEGRAL PART OF CHARTER PARTY DATED 28TH OCTOBER 2006

END

FOR
M/s. ASHAPURA SHIPPING (UAE) FZE
SHARJAH, U.A.E.

(AS OWNERS)

FOR
M/s. J.S. OCEAN LINERS PTE LTD.,
SINGAPORE

(AS CHARTERERS)

EXHIBIT 3

M.V.AL MANSOOR-I
Acct. JSOL C.P. dated 27.10.2007

m.v.Al Mansoor I - A/C J S OCEAN LINER PTE LTD, C/P 27.10.2006

| | | | | | CREDIT FROM CHRTRS |
|---|---|---|---|---|---|
| AA. HIRE (USD) | | 5,250.00 Per day | | | |
| - 31/1/2006 19:00 | 5/17/2007 19:00 | 197.80 Days | | | |
| HIRE (USD) | | 6,060.00 Per day | | | |
| - 5/17/2007 19:00 | 11/13/2007 19:00 | 180.50 Days | | | |
| HIRE (USD) | | 8,000.00 Per day | | | |
| - 11/13/2007 19:00 | 2/19/2008 0:20 | 97.32 Days | | | |
| BB. OFF-HIRE | | | | | |
| 1. 11/10/2006 22:30 | 11/10/2006 23:30 | 0.0139 Days | | | 72.92 |
| - HA1 Was jammed & Could not be closed | | | | | |
| 2. 11/10/2006 20:30 | 11/10/2006 23:59 | 0.0486 Days | | | 255.19 |
| - HA3 Was jammed & Could not be closed | | | | | |
| 3. 11/11/2006 7:00 | 11/11/2006 11:25 | 0.0613 Days | | | 322.05 |
| - HA2 Was jammed & Could not be closed | | | | | |
| 4. 12/10/2006 14:00 | 12/10/2006 15:30 | 0.0208 Days | | | 109.38 |
| - lh no. 3 could not be closed | | | | | |
| 5. 12/10/2006 15:00 | 12/10/2006 16:00 | 0.0139 Days | | | 72.92 |
| - lh no. 2 could not be closed | | | | | |
| 6. 12/10/2006 20:00 | 12/10/2006 21:40 | 0.0231 Days | | | 121.53 |
| - lh no. 2 could not be closed | | | | | |
| 7. 7/8/2007 14:00 | 7/10/2007 2:04 | 1.5028 Days | | | 9,016.67 |
| - waiting for crane no. 3 converter repairs | | | | | |
| 8. 7/8/2007 10:45 | 7/8/2007 11:30 | 0.0104 Days | | | 46.86 |
| - cr. no. 2 out of order | | | | | |
| 9. 7/8/2007 10:45 | 7/8/2007 11:30 | 0.5729 Days | | | 3,437.52 |
| - waiting for opening hatches | | | | | |
| 10. 8/13/2007 20:00 | 8/14/2007 0:01 | 0.0558 Days | | | 334.72 |
| - lh no. 3 Jammed | | | | | |
| 11. 8/14/2007 0:01 | 8/14/2007 8:00 | 0.1109 Days | | | 665.28 |
| - lh no. 3 jammed | | | | | |
| 12. 8/28/2007 21:30 | 8/28/2007 22:30 | 0.0417 Days | | | 250.00 |
| - lh no. 1,2, 3 not opening | | | | | |
| 13. 8/30/2007 19:45 | 8/30/2007 23:45 | 0.0556 Days | | | 333.33 |
| - cr no.2 out of order at dammam | | | | | |
| 14. 11/2/2007 4:00 | 11/2/2007 10:00 | 0.2500 Days | | | 1,500.00 |
| - bunkering at Jeddah at Owner's time | | | | | |
| BUNKER CONSUMPTION | | | | | |
| 1. IFO (MT) | | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | | 0.03 | USD | 624.00 | 21.67 |
| 2. IFO (MT) | | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | | 0.12 | USD | 624.00 | 75.83 |
| 3 IFO (MT) | | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | | 0.15 | USD | 624.00 | 95.69 |
| 4 IFO (MT) | | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | | 0.05 | USD | 624.00 | 32.50 |
| 5 IFO (MT) | | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | | 0.03 | USD | 624.00 | 21.67 |
| 6 IFO (MT) | | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | | 0.06 | USD | 624.00 | 36.13 |
| 7 IFO (MT) | | 0.00 | USD | 0.00 | 0.00 |

M.V. AL MANSOOR-I
Acct. JSCL C.P. dated 27.10.2007

| | | | | |
|---|---|---|---|---|
| GO (MT) | 3.75 | USD | 624.00 | 2,344.33 |
| 8 IFO (MT) | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | 0.03 | USD | 624.00 | 16.25 |
| 9 IFO (MT) | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | 1.43 | USD | 624.00 | 893.76 |
| 10 IFO (MT) | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | 0.14 | USD | 624.00 | 87.33 |
| 11 IFO (MT) | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | 0.28 | USD | 624.00 | 172.97 |
| 12 IFO (MT) | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | 0.10 | USD | 624.00 | 65.00 |
| 13 IFO (MT) | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | 0.14 | USD | 624.00 | 86.67 |
| 14 IFO (MT) | 0.00 | USD | 0.00 | 0.00 |
| GO (MT) | 0.63 | USD | 624.00 | 390.00 |
| Over consumption of bunkers | | | | |
| 1. IFO (MT) | 1.79 | USD | 285.50 | 510.47 |
| GO (MT) | 0.14 | USD | 624.00 | 90.11 |
| Dammam to Kandla | | | | |
| 2. IFO (MT) | 1.88 | USD | 285.50 | 536.45 |
| GO (MT) | 0.00 | USD | 624.00 | 0.00 |
| Jeddah to Aqaba | | | | |
| 3. IFO (MT) | 0.88 | USD | 285.50 | 249.81 |
| GO (MT) | 0.00 | USD | 624.00 | 0.00 |
| Aqaba to Mumbai | | | | |
| 4. IFO (MT) | 0.05 | USD | 285.50 | 14.28 |
| GO (MT) | 0.18 | USD | 624.00 | 109.20 |
| Jeddah to Aqaba | | | | |
| 5. IFO (MT) | 0.00 | USD | 285.50 | 0.00 |
| GO (MT) | 0.43 | USD | 624.00 | 268.94 |
| Aqaba to Karwar | | | | |
| 6. IFO (MT) | 0.00 | USD | 285.50 | 0.00 |
| GO (MT) | 0.07 | USD | 624.00 | 44.39 |
| Karwar to Kandla | | | | |
| 7. IFO (MT) | 0.00 | USD | 285.50 | 0.00 |
| GO (MT) | 0.09 | USD | 624.00 | 54.97 |
| Kandla to Dammam | | | | |
| 8. IFO (MT) | 0.16 | USD | 285.50 | 44.82 |
| GO (MT) | 0.07 | USD | 624.00 | 41.81 |
| Dammam to Mumbai | | | | |
| 9. IFO (MT) | 0.06 | USD | 285.50 | 15.79 |
| GO (MT) | 0.00 | USD | 624.00 | 0.00 |
| Jebel Ali to Kandla | | | | |

CC. TOTAL/ADDRESS COMMISSION 3.75%

Less Off-Hire + Add Comm 2.50% + Brokerage 1.25%

| | | | |
|---|---|---|---|
| - 11/1/2006 19:00 | 5/17/2007 19:00 | 196.96 Days | 38,777.08 |
| - 5/17/2007 19:00 | 11/13/2007 19:00 | 175.35 Days | 40,195.62 |
| - 11/13/2007 19:00 | 2/19/2008 0:20 | 97.22 Days | 20,166.67 |

DD. CHRTR'S EXPENSES

- Cable / Victual / Entertainment Expenses

M.V.AL MANSOOR-I
Acct. ISOL C.P. dated 27.10.2007

- Intermediate Hold Cleaning - (voy-04)
- Intermediate Hold Cleaning - (voy-05)
- Intermediate Hold Cleaning - (voy-06)
- Intermediate Hold Cleaning - (voy-07)
- Intermediate Hold Cleaning - (voy-08)
- Intermediate Hold Cleaning - (voy-09)
- Intermediate Hold Cleaning - (voy-11)
- Intermediate Hold Cleaning - (voy-12)
- Intermediate Hold Cleaning - (voy-13)
- Intermediate Hold Cleaning - (voy-14)
- Intermediate Hold Cleaning - (voy-15)
- Intermediate Hold Cleaning - (voy-16)
- Intermediate Hold Cleaning - (voy-17)
- Intermediate Hold Cleaning - (voy-18)
- Intermediate Hold Cleaning - (voy-19)
- Stevedores damages at Aqaba on 09.03.2007
- ILOHC

| | | | | | |
|---|---|---|---|---|---|
| EE. OWNER'S EXPENSES | | | | | |
| - Fw: supplied at Jeddah (120 mt @ usd 13/-) | | | | | 1,560.00 |
| - Owners expenses at Aqaba 10 & 11th chirc | | | | | 1,641.50 |
| - Owners expenses at Karwar 12th chire | | | | | 608.58 |
| - Owners expenses at Jeddah 16, 17 & 18th chire | | | | | 1,300.00 |
| - Owners expenses at Mundra | | | | | 255.00 |
| - Owners expenses at Karwar | | | | | 1,863.96 |
| - Owners expenses at Dammam | | | | | 580.00 |
| - Owners expenses at Dammam | | | | | 75.00 |
| - Owners expenses at Dammam | | | | | 25.00 |
| - Owners expenses at Dammam | | | | | 500.00 |
| - | | | | | |
| - m.v.asha aslik - fhs settlement | | | | | 126,648.37 |
| FF. CHARTERERS REMITTANCE | | | | | 2,584,996.07 |
| GG. BUNKER ON DELIVERY/REDELIVERY | | | | | |
| | DELIVERY | RE-DELVY | | | |
| IFO (MT) | 151.568 | 156.200 | USD | 285.50 | 44,765.40 |
| DO (MT) | 59.639 | 35.870 | USD | 624.00 | 22,322.88 |
| TOTAL: CREDITED/(DEBITED) | | | | | 2,917,502.77 |

BALANCE DUE (TO) OWNERS

# M.V. AL MANSOOR-I

Acct. ISOL C.P. dated 27.10.2007

UNDER I.S.O.L CHARTER
HIRE (USD) 4,500.00 6,000.00 PER DAY

| DEBIT TO CHRTRS | PAYMENT DUE DATE FROM | TO | HIRE NO. | DAYS | HIRE DUE (USD) | TOTAL COMM 3.75% | HIRE RCVD (USD) | DATE RCVD |
|---|---|---|---|---|---|---|---|---|
| (1,034,250.00) | 1-Nov-06 | 16-Nov-06 | 001 | 15.00 | 78,750.00 | (2,953.13) | 98,735.53 | 8-Nov-06 |
| | 16-Nov-06 | 1-Dec-06 | 002 | 15.00 | 78,750.00 | (2,953.13) | 75,471.05 | 19-Nov-06 |
| (1,086,003.05) | 1-Dec-06 | 16-Dec-06 | 003 | 15.00 | 78,750.00 | (2,953.13) | 73,425.63 | 1-Dec-06 |
| | 16-Dec-06 | 31-Dec-06 | 004 | 15.00 | 78,750.00 | (2,953.13) | 70,253.65 | 15-Dec-06 |
| (777,777.78) | 31-Dec-06 | 15-Jan-07 | 005 | 15.00 | 78,750.00 | (2,953.13) | 74,736.38 | 3-Jan-07 |
| | 15-Jan-07 | 30-Jan-07 | 006 | 15.00 | 78,750.00 | (2,953.13) | 75,655.10 | 17-Jan-07 |
| | 30-Jan-07 | 14-Feb-07 | 007 | 15.00 | 78,750.00 | (2,953.13) | 75,294.38 | 1-Feb-07 |
| | 14-Feb-07 | 1-Mar-07 | 008 | 15.00 | 78,750.00 | (2,953.13) | 79,290.03 | 14-Feb-07 |
| | 1-Mar-07 | 16-Mar-07 | 009 | 15.00 | 78,750.00 | (2,953.13) | 76,290.00 | 2-Mar-07 |
| | 16-Mar-07 | 31-Mar-07 | 010 | 15.00 | 78,750.00 | (2,953.13) | 74,727.03 | 16-Mar-07 |
| | 31-Mar-07 | 15-Apr-07 | 011 | 15.00 | 78,750.00 | (2,953.13) | 76,217.37 | 4-Apr-07 |
| | 15-Apr-07 | 30-Apr-07 | 012 | 15.00 | 78,750.00 | (2,953.13) | 75,681.45 | 20-Apr-07 |
| | 30-Apr-07 | 17-May-07 | 013 | 17.00 | 89,250.00 | (3,346.88) | 26,393.28 | 3-May-07 |
| | 17-May-07 | 1-Jun-07 | 014 | 15.00 | 90,000.00 | (3,375.00) | 149,116.25 | 15-May-07 |
| | 1-Jun-07 | 16-Jun-07 | 015 | 15.00 | 90,000.00 | (3,375.00) | 87,1[illegible]3.00 | 7-Jun-07 |
| | 16-Jun-07 | 1-Jul-07 | 016 | 15.00 | 90,000.00 | (1,375.00) | 98,969.32 | |
| | 1-Jul-07 | 16-Jul-07 | 017 | 15.00 | 90,000.00 | (3,375.00) | 0.00 | |
| | 16-Jul-07 | 31-Jul-07 | 018 | 15.00 | 90,000.00 | (3,375.00) | 0.00 | |
| | 31-Jul-07 | 15-Aug-07 | 019 | 15.00 | 90,000.00 | (3,375.00) | 83,948.35 | 9-Aug-07 |
| | 15-Aug-07 | 30-Aug-07 | 020 | 15.00 | 90,000.00 | (3,375.00) | 94,742.12 | 31-Aug-07 |
| | 30-Aug-07 | 14-Sep-07 | 021 | 15.00 | 90,000.00 | (3,375.00) | 79,365.25 | 30-Aug-07 |
| | 14-Sep-07 | 29-Sep-07 | 022 | 15.00 | 90,000.00 | (3,375.00) | 35,972.40 | 17-Sep-07 |
| | 29-Sep-07 | 14-Oct-07 | 023 | 15.00 | 90,000.00 | (3,375.00) | [illegible] | 2-Oct-07 |
| | 14-Oct-07 | 29-Oct-07 | 024 | 15.00 | 90,000.00 | (3,375.00) | 86,759.37 | 16-Oct-07 |
| | 29-Oct-07 | 13-Nov-07 | 025 | 15.00 | 90,000.00 | (3,375.00) | 76,050.38 | |
| | 13-Nov-07 | 28-Nov-07 | 026 | 15.00 | 120,000.00 | (4,500.00) | 29,030.38 | |
| | 28-Nov-07 | 13-Dec-07 | 027 | 15.00 | 120,000.00 | (4,500.00) | 102,574.36 | |
| | 13-Dec-07 | 28-Dec-07 | 028 | 15.00 | 120,000.00 | (4,500.00) | 115,293.15 | |
| | 28-Dec-07 | 12-Jan-08 | 029 | 15.00 | 120,000.00 | (4,500.00) | 113,342.64 | |
| | 12-Jan-08 | 27-Jan-08 | 030 | 15.00 | 120,000.00 | (4,500.00) | 115,393.15 | |
| | 27-Jan-08 | 11-Feb-08 | 031 | 15.00 | 120,000.00 | (4,500.00) | 115,393.35 | |
| | 11-Feb-08 | 19-Feb-08 | 032 | 8.01 | 64,111.[illegible] | (2,404.17) | 115,973.75 | |
| | | | | 397.00 | 2,914,250.50 | (79,284.38) | 2,584,996.07 | |

M.V. AL MANSOOR-I
Acct. JSCL C/P, dated 27.10.2007

(75,867.33)

M.V.AL MANSOOR-I

Acct. ISOL C.P. dated 27.10.2007

(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(1,000.00)
(650.00)
(2,005.00)

(43,270.38)
(37,209.12)

(3,005,964.61)

**(88,061.84)**

EXHIBIT 4

M.V.AL MANSOOR-I
Accs JSOL C.P. dated 27.10.2007

REMARKS

[illegible] COST OF BUNKER ON DEL

[illegible] Karachi

[illegible]

[illegible]

[illegible] FINAL HIRE

[illegible]

LESS OWN EXP

LESS OWNR EXP

includes 16, 17 + 18 [illegible]

includes 16, 17 + 18 [illegible]

includes 16, 17 + 18 [illegible]

[illegible]

# S. S. MUTHU ENTERPRISES

SHIPS & STORAGE TANK CLEANING CONTRACTOR
Add.: F/N/M/B 75, 1/9, David Stores, Near Maternity Hospital, Sardar Nagar No.4, Raowli Camp, Sion-Koliwada, Mumbai - 400 037.
Tel.: 2409 8983

Bill No. 1705

Date 2/1/08

To, Ashapura Shipping Pvt. Ltd.
Mumbai.

| Sr. No. | DESCRIPTION | AMOUNT Rs. | P. |
|---|---|---|---|
| | Vessal: AL-MASOOR | | |
| | Hatch no-1 | | |
| 1. | Charges for chipping and hammering of loose Rust Scales and painted the hatch & Camming as per your Surveyor's Satisfaction | | |
| 2. | Hatch Cover's are chipped and washed all Rock phosphate of previous Cargo for loading Corn on loose. | 2,00,000 | 00 |
| | 12.36% Service tax | 24,720 | 00 |
| | Advance | | |
| | Labour Charges Only — Total Amount Rs. | 2,24,720 | 00 |

For S. S. MUTHU ENTERPRISES

[signature]

Proprietor

# STEFFI ENTERPRISES

(Cleaning Materials Suppliers & Labour Contractors)

302, Bldg No. 6, Datta Trey Building Co-op. Housing Society, Sardar Nagar No. 1, Sion Koliwada, Mumbai - 400 022.

Ref.:

Date 8/1/08

To

Ashapura Shipping Pvt. Ltd.
Mumbai.

Vessel : AL_MASSOY

Hatch NO : 2.

1. Labour charges for shipping and harmonity of loose Rent Scales and painted the hatch and Comming as per your Surveyor's Satisfaction.

2. Hatch Cover's are chipped and washed all Rock Phospate of potasium Cargo for loading Corn On Loose.

Total — 2,00,000.00

Rupees In Words: Two Lack Only

Signature

EXHIBIT 5

# STEFFI ENTERPRISES

(Cleaning Materials Suppliers & Labour Contractors)

302, Bldg No. 3, Datta Tray Building Co-op. Housing Society, Sardar Nagar No. 1, Sion Koliwade, Mumbai - 400 022.

Ref.:

Date 8/1/08

To
Astrapiona Shipping Pvt Ltd
Mumbai.

Vessel : AL-Masoor

Hatch NO : 2.

1. Labour charges for shipping and [illegible] of loose Dent Scales and painted the hatch and Cleaning as per your Surveyor's Satisfaction.

2. Hatch Covers are chipped and washed all Rock Phosphate of previous Cargo for loading Corn On loose.

Total — 2,00,000.00

Rupees In Words : Two Lack Only

Signature

EXHIBIT 6

| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|---|---|
| SUB TOTAL GENERAL SERVICES | | | | 8424.00 | | 7245.40 |
| 2. DOCKING | | | | | | |
| A1 FIRST 5 DAYS | | | 20 | 5750.00 | | 5750.00 |
| A2 SUBSEQUENT DAYS | DAYS | 1325.00 | 15 | 19875.00 | 7.5% | 18385.85 |
| A3 PILOTAGE | TIMES= | BY OWNER | 2 | | | |
| A4 TUGGAGE | Times | BY OWNER | 4 | | | |
| A5 MOORING | TIMES= | 462.50 | 2 | 925.00 | 7.5% | 855.63 |
| A6 WARFAGE | DAYS | 487.50 | 5 | 2437.50 | 7.5% | 2254.69 |
| A7 RIGGERS | SHIFT/MAN | 20.00 | PER | | | |
| A8 ANY OTHER EXPENSES IN DOCKING | | | | | | |
| PL. INDICATE CLEARLY ITEMS/UNIT RATE/ ETC. | | | | | | |
| *NOTE: Tugs & pilot charges payable to Port Authority through the Local Agents. For guidance visit www.mptgoa.com* | | | | | | |
| SUB TOTAL DOCKING | | | | 28987.50 | | 26957.19 |
| 3. PAINTING (ALL AREAS IN approx. M2) | 3500 M2 | | | | | |
| A1 HP WATER WASH -250BAR PRESSURE | AREA= | 1.50 | 3500 | 5250.00 | | 5250.00 |
| A2 SCUPPER CONNECT/DISCONNECT | NOS= | 197.50 | 10 | 1975.00 | 7.5% | 1826.88 |
| A3 F W WASHING | AREA= | 1.25 | 3500 | 4375.00 | 7.5% | 4046.88 |
| B TOPSIDE | AREA=800 | | | | | |
| B1 OIL CLEANING | AREA= | | | | | |
| B2 SA 2 BLASTING | AREA= | 10.00 | 700 | 7000.00 | | 7000.00 |
| B3 GRIT SWEEPING(BALANCE AREA IF ANY) | AREA= | | | | | |
| B4 1 TAJ PRIMER | AREA= | 0.75 | 700 | 525.00 | 7.5% | 485.63 |
| B5 1 F/C PRIMER | AREA= | 0.60 | 700 | 420.00 | | 420.00 |
| B6 2 F/C EPOXY | AREA= | 0.60 | 700 | 840.00 | | 840.00 |
| VERTICAL BOTTOM | AREA=900 | | | | | |
| C1 OIL CLEANING | AREA= | | | | | |
| C2 SA 2 BLASTING | AREA= | 10.00 | 900 | 9000.00 | | 9000.00 |
| | AREA= | | | | | |
| C3 GRIT SWEEPING(BALANCE AREA IF ANY) | AREA= | | | | | |
| C4 1 F/C PRIMER | AREA= | 0.60 | 900 | 540.00 | | 540.00 |
| C5 1 F/C PRIMER | AREA= | 0.60 | 900 | 540.00 | | 540.00 |
| C6 1 F/C EPOXY | AREA= | 0.60 | 900 | 540.00 | | 540.00 |
| C7 1 F/C TIE COAT | | 0.60 | 900 | 540.00 | | 540.00 |
| C8 1 F/C ANTIFOULING | AREA= | 0.60 | 900 | 540.00 | | 540.00 |
| C9 1 F/C ANTIFOULING | | 0.60 | 900 | 540.00 | | 540.00 |
| D. FLAT BOTTOM | AREA=1900 | | | | | |
| D1. SA2 BLASTING | AREA= | 10.00 | 1900 | 19000.00 | | 19000.00 |
| SA 1.5 BLASTING | AREA= | | | | | |
| D2 1F/C PRIMER | AREA= | 0.60 | 1900 | 1140.00 | | 1140.00 |
| D3. 1F/C PRIMER | AREA= | 0.60 | 1900 | 1140.00 | | 1140.00 |
| D4. 1F/C EPOXY | AREA= | 0.60 | 1900 | 1140.00 | | 1140.00 |
| D4. 1 F/C TIE COAT | | 0.60 | 1900 | 1140.00 | | 1140.00 |
| D5. 1F/C ANTIFOULING | AREA= | 0.60 | 1900 | 1140.00 | | 1140.00 |
| D6 1 F/C ANTIFOULING | | 0.60 | 1900 | 1140.00 | | 1140.00 |
| E. DRAFT MARKS AND SHIP'S NAME | | | | | | |
| E1 DRAFT MARKS AND SHIP'S NAME AS FOLLOWS | | | | | | |
| 5 sets of vessels name | (on bow and stern) | | | 180.00 | 7.5% | 166.50 |
| 1 set port of registry and IMO No | (on stern) | inclusive above | | | | |
| 6 sets of draft marks | (fwd, midship, stern) | | | 232.00 | 7.5% | 214.60 |
| 2 sets of plimsol marks | (midship) | 340.00 | 2 | 680.00 | 7.5% | 629.00 |
| 10 sets of tank separating marks | (port & stbd) | 17.50 | 10 | 170.00 | 7.5% | 157.25 |
| 2 sets of bulbous bow marks | (on bow) | 137.50 | 2 | 275.00 | 7.5% | 254.38 |
| 4 sets of tugboat marks | (port & stbd) | 27.00 | 4 | 108.00 | 7.5% | 99.90 |
| F CARGO HOLDS | | | | | | |
| F1 HOLD GRIT SWEEPING | AREA= SQM | | 5600 | | | |
| HOLD GRIT BLAST SA2 | AREA SQM | 11.50 | 1000 | 11875.00 | | 10000.00 |
| HOLD GRIT BLAST SA1 | AREA SQM | 9.00 | 4600 | 41400.00 | | 41400.00 |
| G HOLD PAINTING | A | | | | | |
| G1 2 F/C EPOXY | AREA SQM | 0.60 | 5600 | 3360.00 | | 3360.00 |

EXHIBIT 7

Al. Marked 7

VAT TIN No.: 27320531235 V w.e.f. 01/04/2006
CST TIN No.: 27320531235 C w.e.f. 01/04/2006

**TAX INVOICE**

Subject to Mumbai Jurisdiction

Tel. Off.: 23711
Telefax: 6635
Resi.: 25150
2512

# Govindji Padamshi & Co.

Suppliers of : Old & New Empty Gunny & HDPE Bags, Stevedore Gear, Lassing Material, Dunnag Material, Hardware, All Types of Paper, Hessian Cloth, All Types of Rope & All Types of Packing Material.

Ambica Terrace, Ground Floor, Godown No. 8, 4th Cave Cross Lane, 66 Lakhmasi Shah Marg, Opp. Veera Chamber, Dana Bunder, Masjid (E), Mumbai - 400 009.

Order No. S.M.S. Lorry No. H/L Challan No. 421

**BILL No. :** 269 Date: 17-1-08

M/s. Ashapura Shipping (UAE) FZE C/o Ambika M. Gudhasislic Congress Bldg. III - 2nd Floor, 5th Convent Street Colaba Mumbai 400039

| PARTICULARS | Quantity | Rate | Rate Per | AMOUNT Rs. |
|---|---|---|---|---|
| Cotton Canvas nos. | 02 | 48925/- | 1 | 97850-00 |
| Cotton Canvas nos. | 01 | 28500/- | 1 | 28500-00 |
| | | | TOTAL | 1,26,350-00 |
| | | | Vat % | |
| | | | G. TOTAL | 1,26,350-00 |

255 - 18.2
19.4 "

Rs. One lac twenty six thousand three hundred fifty only

TERMS & CONDITIONS

1. Goods once delivered will not be taken back.
2. Our responsibility ceases once the carrier has been loaded.
3. Interest @ 21% shall be charged if the payment is not received within 8 days.
4. This goods shall be condition from the Mumbai Gunny Bags Merchants Association.

For GOVINDJI PADAMSHI & Co.

Proprietor / Partner / Manager

EXHIBIT 8

# KEPEE MARINE

BILL NO. KEPEE/CHSUP/086/2007-08

DATE : 12th January, 2008

M/S. ASHAPURA SHIPPING (UAE) FZE,
C/O. AMBICA MARITIME LIMITED,
EUCHARISTIC CONGRESS BUILDING III,
2ND FLOOR, 5TH CONVENT STREET,
COLABA,
MUMBAI - 400 039

REF NO. BY VERBAL (MR. MILIND)

DATE : 12th January, 2008

| DATE | VESSEL NAME | PARTICULARS | RATE | AMOUNT IN RS. |
|---|---|---|---|---|
| 11.01.08 | M.V. AL-MANSOOR - I | BEING OUR CHARGES FOR SUPPLY OF :<br>600 MTRS OF RAMNIK TAPE | 110/- PM | 66,000.00 |
| | | | TOTAL | 66,000.00 |

(RUPEES SIXTY SIX THOUSAND ONLY)

E & O.E Subject to Mumbai Jurisdiction.
Payment within 15 days.
Subject to realization of cheques
PAN NO. AEXPD2551G

FOR KEPEE MARINE

PROPRIETOR/ACCOUNTANT

REGISTERED OFF : C-8, SHILLU HOUSE, 28TH ROAD, KHAR (WEST), MUMBAI - 400 052